UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **RONNIE WILLIAMS** | * | **CIVIL ACTION NO. 12-0522** |
| **VERSUS** | * | **JUDGE JAMES T. TRIMBLE, JR.** |
| **DONNIE ADAMS, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Ronnie Williams filed the instant civil rights complaint on January 6, 2012, against Warden Donnie Adams and Union Parish Sheriff Bob Buckley. At the time plaintiff filed suit, he was an inmate confined at the Union Parish Detention Center, Farmerville, Louisiana. Plaintiff's suit challenges his conditions of confinement and seeks associated injunctive relief and compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3 of this Court.

### Procedural Background

As stated above, plaintiff filed his *pro se* civil rights complaint on January 6, 2012, in the United States District Court for the Eastern District of Louisiana. On February 24, 2012, that court determined that venue was improper in the Eastern District of Louisiana, and transferred the case to this court. (Feb. 24, 2012, Order [doc. # 5]).

On March 9, 2012, the undersigned noted that plaintiff failed to: 1) file the complaint on approved forms; and 2) either submit the $350.00 filing fee, or otherwise file an application to proceed in forma pauperis. *See* March 9, 2012, Mem. Order [doc. # 8]. Accordingly, the court afforded plaintiff 30 days to amend his pleadings to correct the foregoing deficiencies. *Id*. The court cautioned plaintiff that if he failed to so comply, then the court would strike his complaint from the record. *Id*.

The Clerk of Court mailed the March 9, 2012, Memorandum Order to plaintiff at his address of record. *See* "Notice of Electronic Filing," [doc. # 8]. On March 15, 2012, however, the postal service returned the court's memorandum order and affixed the following notation, "Not Deliverable as addressed; unable to forward." [doc. # 9]. Since that time, the court has not received any further correspondence from plaintiff.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule 41.3W provides, in part, that "[t]he failure of a[ ] . . . pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to

prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

Here, more than thirty days have elapsed since the court's order was returned indicating that plaintiff's address was incorrect. Furthermore, plaintiff has not updated his address. Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 23rd day of May 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE